UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JOE MYERESS,                        )
                                         )
          Plaintiff,           )
                                         )
        v.                        )       Civil Action No. 18-0109 (PLF)
                                       )
PROAM DANCE TEAM NYC LLC,     )
                                       )
          Defendant.         )
_____)

OPINION AND ORDER

This matter is before the Court on Mr. Myeress' motion for entry of final judgment by default [Dkt. No. 8]. Having considered Mr. Myeress' arguments, the relevant legal authorities, and the entire record in this case, the Court will deny Mr. Myeress' motion without prejudice.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joe Myeress is a commercial and fine art photographer who resides in Sarasota, Florida. See Compl. ¶ 1. According to Mr. Myeress, defendant ProAm Dance Team NYC LLC ("ProAm") is a "dance company for amateurs and professionals," founded as a limited liability company and "existing under the laws of the state of New York, with

---

[1] The Court has reviewed the following filings in resolving the pending motion: Complaint for Copyright Infringement ("Compl.") [Dkt. No. 1]; Affidavit of Service ("Aff. Serv.") [Dkt. No. 3]; Request for Entry of Default ("Request") [Dkt. No. 5]; Clerk's Entry of Default ("Default") [Dkt. No. 7]; Plaintiff's Motion for Entry of Final Judgment by Default ("Mot. J. Def.") [Dkt. No. 8]; and Declaration of Joe Myeress ("Dec. Joe Myeress") [Dkt. No. 9].

headquarters in New York, New York." See id. ¶ 2. Mr. Myeress has brought suit against ProAm alleging copyright infringement under federal copyright laws. See id. ¶¶ 3-4, 15-23.

The facts according to Mr. Myeress are as follows. In October 2009, Mr. Myeress created a photograph of the American Airlines Arena in Miami. See Compl. ¶ 8. That photograph, he states, is copyrighted; he registered it with the United States Copyright Office on April 8, 2015. See id. ¶¶ 9, 12. Mr. Myeress contends that beginning on or about September 1, 2016, ProAm copied the photograph and uploaded it to ProAm's social media websites. See id. ¶¶ 13-14.[2] According to Mr. Myeress, ProAm altered the photograph before uploading it, cropping out his name – the "copyright management information" – from the bottom right corner of the photograph. See id. ¶¶ 14, 22.

Although he generally licenses his copyrighted photographs for commercial use, Mr. Myeress asserts that he "is the sole copyright holder of [the photograph in question] and has never entered into an agreement with an individual, business, or other entity to transfer or share copyright in the [photograph]." See Compl. ¶¶ 1, 9. ProAm's actions, therefore, allegedly constitute (1) infringement of copyright pursuant to 17 U.S.C. § 101 et seq., and (2) removal and alteration of integrity of copyright management information pursuant to 17 U.S.C. § 1202. See id. ¶¶ 15-23. Mr Myeress requests that the Court: declare that ProAm violated Mr. Myeress' rights under the Federal Copyright Act; immediately and permanently enjoin ProAm from copying and republishing Mr. Myeress' photograph without his consent; order ProAm to turn over all profits derived from its infringement of Mr. Myeress' copyright; award Mr. Myeress

---

[2] The Court notices a discrepancy in the facts presented by Mr. Myeress. According to the Declaration of Joe Myeress, ProAm copied and posted the photograph in question to ProAm's social media websites beginning on or about January 1, 2017, not September 1, 2016, as alleged in his Complaint. See Dec. Joe Myeress ¶ 9; Compl. ¶ 13.

actual and/or maximum allowable statutory damages; award Mr. Myeress the cost of this suit, including reasonable attorneys' fees; and any other relief that the Court deems just and proper. See id. at 6.

On January 18, 2019, the Clerk of Court issued electronically a summons [Dkt. No. 2] addressed to ProAm Dance Team NYC LLC and directed to the attention of Olga Nesterova at 244 West 54th Street, New York, NY 10019. Mr. Myeress then filed an affidavit of service dated March 13, 2018 and signed by Ambiko Wallace, a process server. See Aff. Serv. at 1. The affidavit states that on March 9, 2018, Ambiko Wallace served copies of the summons and complaint on ProAm, care of the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") in accordance with D.C. Code Section 29-104.12. See id. at 1.

Subsequently, Mr. Myeress requested that the Clerk of Court enter default against ProAm pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Request at 1. In support of that request, Mr. Myeress submitted an affidavit written by his lawyer, David C. Deal, which stated that ProAm had "failed to appear, plead, or otherwise defend within the time allowed." See id. at 2.[3] The Clerk of Court entered default as to ProAm Dance Team NYC LLC on April 3, 2018. See Default. Mr. Myeress then filed a motion for entry of final judgment by default pursuant to Rules 55(b) and 58(d) of the Federal Rules of Civil Procedure. See Mot. J.

---

[3]     The Court notes another discrepancy in the facts. In Mr. Deal's affidavit in support of Mr. Myeress' request for entry of default, he states that ProAm "was served with a copy of the summons and complaint on February 27, 2018, as reflected on the docket sheet by the proof of service filed on March 17, 2018." See Request at 2. The proof of service filed on March 17, 2018, however, is the same Affidavit of Service evidencing that Ambiko Wallace served ProAm through the D.C. Department of Consumer and Regulatory Affairs ("DCRA"). See Aff. Serv. at 1. The Affidavit of Service states that Ambiko Wallace served the DCRA on March 9, 2018, not February 27, 2018. See id. at 1.

Def. at 1.  He requests judgment for $15,000 in statutory damages and an injunction against ProAm.  See id.[4]

## II.  LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides the Court with the discretion to enter a default judgment on the request of a party.  See FED. R. CIV. P. 55; see also Braun v. Islamic Republic of Iran, 228 F. Supp. 3d 64, 74 (D.D.C. 2017).  As a foundational matter, however, "[d]efault judgments are generally disfavored by courts," because there is a strong policy favoring the adjudication of a case on its merits.  See Strong-Fisher v. LaHood, 611 F. Supp. 2d. 49, 51 (D.D.C. 2009); see also Webb v. District of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998) ("[A] default judgment must be a 'sanction of last resort,' to be used only when less onerous methods . . . will be ineffective or obviously futile." (quoting Shea v. Donohoe Constr. Co., 795 F.2d 1071, 1075 (D.C. Cir. 1986))); Halbig v. Sebelius, Civil Action No. 13-0623 (PLF), 2013 WL 12318483 (D.D.C. Oct. 15, 2013).  Thus, "default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  See Jackson v. Beech, 636 F.2d 831, 836 (D.D.C. 1980) (quoting H.F. Livermore Corp. v. Aktiengesselschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970)).

To obtain the entry of a default judgment, a party must undertake a two-part process.  See FED. R. CIV. P. 55.  First, the party requests the Clerk of Court to enter a default.  See Serv. Emps. Int'l Union Health and Welfare Fund v. N. Am. Cleaning Servs. Co., 264 F.

---

[4]      In his motion for default judgment, Mr. Myeress requests two different sums of damages – $15,000 and $9,600.  See Mot. J. Def. at 1, 10.

Supp. 3d 1, 3-4 (D.D.C. 2017). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." See FED. R. CIV. P. 55(a). Once default is entered, the factual allegations asserted in the complaint are "deemed admitted." See Serv. Emps. Int'l Union Health and Welfare Fund v. N. Am. Cleaning Servs. Co., 264 F. Supp. 3d at 4. Second, the plaintiff then may seek a default judgment, either from the clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" or from the court "in all other cases." See FED. R. CIV. P. 55(b). Default judgment may be entered only when "personal jurisdiction is properly exercised over defendants." See Braun v. Islamic Republic of Iran, 228 F. Supp. 3d at 75; see also Herbin v. Seau, 317 F. Supp. 3d 568, 571 (D.D.C. 2018) ("[A court] should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." (quoting Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005))); Cohen v. Islamic Republic of Iran, 238 F. Supp. 3d 71, 79 (D.D.C. 2017); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2682 (4th ed. 2018).

## III.  DISCUSSION

On April 3, 2018, the Clerk of Court declared ProAm to be in default. See Default. Mr. Myeress now requests that the Court enter a default judgment. See Mot. Def. J. The fact that the Clerk of Court has entered default against ProAm does not end the Court's inquiry. The Court may "set aside the entry of default if no judgment has been entered when good cause is shown." See Van De Berg v. Social Sec. Admin., 254 F.R.D. 144, 145 (D.D.C. 2008); see also Judd v. F.C.C., 276 F.R.D. 1, 5 (D.D.C. 2011); FED. R. CIV. P. 55(c). "The

decision to set aside an entry of default rests in the discretion of the district court." Van De Berg v. Social Sec. Admin., 254 F.R.D. at 145 (citing Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980)). Here, no judgment has yet been entered, and the Court concludes that there is good cause to set aside the entry of default.

A default "cannot be entered where there was insufficient service of process." See Scott v. District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Although default may be entered upon a defendant's failure to plead or otherwise defend, . . . a defendant's obligation to respond to a complaint arises only upon service of the summons and complaint." (citing FED. R. CIV. P. 55(a), 12(a))). Valid service of process serves two purposes: to assert personal jurisdiction over a defendant and to notify the defendant that a party has commenced legal action against it. See Williams v. GEICO Corp., 792 F. Supp. 2d 58, 65 (D.D.C. 2011); see also Toms v. Hantman, 530 F. Supp. 2d 188, 190 (D.D.C. 2008) ("Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant."). Proper service of process therefore "is not some mindless technicality." See Williams v. GEICO Corp., 792 F. Supp. 2d at 65 (quoting Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991)).

The plaintiff has the burden of proving proper service. See Mann v. Castiel, 729 F. Supp. 2d 191, 194 (D.D.C. 2010) (citing FED. R. CIV. P. 4(l)). In order to effect proper service, the plaintiff must serve a summons and a copy of the complaint within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 4(c)(1). Rule 4(m) provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action

without prejudice against that defendant or order that service be made within a specified time."
See FED. R. CIV. P. 4(m).

In this case, Mr. Myeress has filed an affidavit of service, signed by Ambiko Wallace on March 13, 2018, to evidence proper service. See Aff. Serv. at 1. In the affidavit, Ambiko Wallace states that he or she served ProAm Dance Team NYC LLC on March 9, 2018, through the DCRA in accordance with D.C. Code Section 29-104.12. See id. at 1. The question before the Court, therefore, is whether this constitutes proper service on ProAm.

Mr. Myeress has brought this action in the District of Columbia against ProAm, which is, according to Mr. Myeress, a limited liability company founded and headquartered in New York. See Compl. ¶ 2. Rule 4(h) of the Federal Rules of Civil Procedure governs service on a corporation, partnership, or association. See FED. R. CIV. P. 4(h). As relevant here, Rule 4(h) provides that "[u]nless federal law provides otherwise," a domestic or foreign corporation must be served in a judicial district of the United States either: (A) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." See FED. R. CIV. P. 4(h)(1)(A), (B). As will be discussed, there is no indication in the record that a copy of the summons or complaint was delivered to an officer of ProAm or its authorized agent. Thus, the analysis must proceed by determining whether ProAm was served consistent with Rule 4(e)(1) – that is, in the proper manner for serving an individual.

Rule 4(e)(1) allows for an individual to be served by following state law for service in the state where the district court is located or where service is made. See FED. R. CIV.

P. 4(e)(1).  The affidavit of service filed by Mr. Myeress evidences that the process server

intended to comply with the laws of the District of Columbia – where the district court is located.

Thus, the Court must determine whether ProAm was properly served under the laws of the

District of Columbia.

   The Court therefore turns to the D.C. Superior Court Rules of Civil Procedure

governing service, which is the analogue of Rule 4(h) of the Federal Rules of Civil Procedure.

As relevant, the Rules of the D.C. Superior Court provide that a domestic or foreign corporation

may be served "in the manner prescribed by [local] Rule 4(e)(1) for serving an individual" or by

delivering a copy of the summons and complaint to an agent authorized by law to receive service

of process and, if applicable, by mailing a copy of each to the defendant.  See D.C. Super. Ct. R.

Civ. P. 4(h)(1)(A), (B).  Those rules, therefore, "look to some other source of law to define the

parameters of permissible service upon an 'agent authorized . . . by law to receive service of

process.'"  See Robinson v. Ergo Sols., LLC, 10 F. Supp. 3d 157, 161 (D.D.C. 2014) (quoting

D.C. Super. Ct. R. Civ. P. 4(h)(2)).

   Mr. Myeress alleges that ProAm was served consistent with D.C. Code Section

29-104.12.  See Aff. Serv.  Section 29-104.12 states that an entity may be served by serving its

registered agent.  See D.C. Code § 29-104.12(a).  Under this provision of the D.C. Code, "[i]f the

entity fails to designate or maintain a registered agent in the District as required by law, . . . the

Mayor shall be an agent of the entity upon whom any process against the entity may be served."

See D.C. Code § 29-104.12(d).  The Mayor of the District of Columbia has designated the

Superintendent of Corporations at the DCRA as her designee in those instances.  See

Designation of Officers to Accept Service on Behalf of the Mayor, Mayor's Order 2009-65 (Apr.

24, 2009); see also Robinson v. Ergo Sols., LLC, 10 F. Supp. 3d at 161; Service of Process

Information, D.C. Dep't Consumer & Regulatory Affairs, https://dcra.dc.gov/service/service-process-information (last visited February 12, 2019).

According to Mr. Myeress, ProAm Dance Team was properly served because "the defendant failed to appoint or maintain a registered agent in the District of Columbia," see Aff. Serv. at 1, and a copy of the summons and a copy of the complaint were delivered to the DCRA. See Mot. Def. J. at 3. [5] Mr. Myeress has failed to show, however, that delivering a copy of the summons and a copy of the complaint to the DCRA constituted valid service of process on ProAm Dance Team. Section 29-104.12(d) of the D.C. Code authorizes service through the Mayor – and by extension, the DCRA – when "an entity fails to designate or maintain a registered agent in the District as required by law." See D.C. Code § 29-104.12(d) (emphasis added).[6] The statute further provides that three kinds of entities are required by law to designate a registered agent in the District of Columbia: domestic filing entities, domestic limited liability partnerships, and registered foreign entities. See D.C. Code § 29-104.02. Reading these provisions together, service through the Mayor (and therefore the DCRA) is proper when an entity required by law to appoint or maintain a registered agent – that is, a domestic filing entity, domestic limited liability partnership, or registered foreign entity – has failed to do so. See D.C.

---

[5] Mr. Myeress also alleges that Olga Nesterova, ProAm's owner and director, was personally served on March 9, 2018, citing the Affidavit of Service [Dkt. No. 3-4]. See Mot. Def. J. at 2. As discussed, the Affidavit of Service evidences that the summons and complaint were served on the DCRA and makes no mention of personal service on Ms. Nesterova. The Court finds no evidence in the record that Ms. Nesterova was ever personally served.

[6] Service through the Mayor is also permissible "if an entity's registered agent in the District cannot with reasonable diligence be found, and if the person seeking service submits a declaration under penalty of making false statements showing that a registered agent for the entity cannot be found." See D.C. Code § 29-104.12. This subpart of the provision is inapplicable here because Mr. Myeress has stated only that ProAm Dance Team "failed to appoint or maintain a registered agent in the District of Columbia." See Aff. Serv. at 1.

Code §§ 29-104.12, 29-104.02. "Domestic" refers to entities "governed as to [their] internal affairs by the law of the District," while "foreign" refers to entities "governed as to [their] internal affairs by the law of a jurisdiction other than the District." See D.C. Code §§ 29-101.02(8), (14).

Here, ProAm is allegedly organized "under the laws of the State of New York," see Compl. ¶ 2, making it a foreign corporation. See D.C. Code § 29-101.02. Service through the Mayor (or the DCRA) therefore would be proper only if ProAm is a "registered foreign entity" and therefore "required by law" to designate a registered agent. See D.C. Code §§ 29-104.12(d), 29-104.02 (emphasis added); see also Busby v. Capital One, N.A., 932 F. Supp. 2d 114, 128-29 (D.D.C. 2013); cf. Jewell v. BestBus Co., 319 F. Supp. 3d 323, 325 (D.D.C. 2018) (holding that service by delivery of the summons and complaint to the District of Columbia's Superintendent of Corporations was improper because the defendant entity was not "registered in the District of Columbia"). A registered foreign entity is "a foreign entity that is registered to do business in the District pursuant to a statement of registration filed by the Mayor." See D.C. Code § 29-101.02(44).

Mr. Myeress has made no allegation that ProAm is a foreign entity registered in the District of Columbia. In addition, the District of Columbia maintains a public database of registered entities, and after an initial search, it does not appear that ProAm is a registered foreign entity. See D.C. Business Center Quick Search, D.C. Dep't Consumer & Regulatory Affairs, https://business.dc.gov/research_business_info (last visited Feb. 12, 2019). Because it is not a registered foreign entity, ProAm would not be required under Section 29-104.02 to designate and maintain a registered agent in the District of Columbia. See D.C. Code § 29-104.02. Thus, ProAm would not qualify as the type of entity for which the Mayor (or her

designee) may act as an agent to accept service under Section 29-104.12.  See Busby v. Capital

One, N.A., 932 F. Supp. 2d at 129.[7]  Mr. Myeress therefore has failed to meet his burden of

proving that ProAm has been properly served.  Accordingly, it is hereby

ORDERED that Mr. Myeress' motion for default judgment [Dkt. No. 8] is

DENIED WITHOUT PREJUDICE.  To proceed with this matter, Mr. Myeress must effectuate

proper service on ProAm Dance Team NYC LLC on or before May 1, 2019; and it is

FURTHER ORDERED that the entry of default by the Clerk of Court [Dkt.

No. 7] shall be set aside.

_____
PAUL L. FRIEDMAN
DATE:  March 4, 2019                                   United States District Judge

---

[7]      Nor has Mr. Myeress made any showing that ProAm does not have a registered agent in the District to accept service.  See, e.g., Robertson v. Cartinhour, Civil Action No. 09-01642 (ESH), 2012 WL 13075864 (D.D.C. Mar. 28, 2012) (finding that the plaintiff had submitted sufficient proof of proper service through the DCRA, including a printout from the DCRA website showing that the defendant did not have a registered agent).